**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000430
27-JUN-2012
08:19 AM**

NO. CAAP-11-0000430

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TODD THURSTON DICKIE, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1SD11-1-00002)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Petitioner-Appellant Todd Thurston Dickie (Dickie) appeals from the Findings of Fact, Conclusions of Law and Order Denying HRPP Rule 40 Petition to Vacate, Set Aside, or Correct Judgment (Order Denying Rule 40 Petition), filed on April 27, 2011 in the District Court of the First Circuit, Honolulu Division (district court).[1]

On appeal, Dickie raises the following points of error: (1) the district court erred in determining that it had jurisdiction in the underlying criminal case to convict Dickie of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), to which Dickie had pled no contest, because the charge lacked an essential element; and (2) the district court erred in construing the term "operate" in a manner that contradicts State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), essentially challenging

---

[1] The Honorable William A. Cardwell presided.

the district court's application of the <u>Motta/Wells</u> rule in construing the charge. <u>See</u> <u>State v. Motta</u>, 66 Haw. 89, 657 P.2d 1019 (1983); <u>State v. Wells</u>, 78 Hawai'i 373, 894 P.2d 70 (1995).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dickie's points of error as follows:

In the underlying criminal case, Case No. 1DTA-06-13462, Dickie was convicted pursuant to his plea of no contest to OVUII in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (3) (Supp. 2011).

Subsequently, in this case on March 9, 2011 (almost four years after his conviction), Dickie filed a Petition pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 and challenged, for the first time, the sufficiency of the OVUII charge. Dickie thus did not timely raise his objection to the OVUII charge before the trial court in Case No. 1DTA-06-13462. In <u>Wheeler</u>, the Hawai'i Supreme Court stated:

> this court has applied different principles depending on whether or not an objection was timely raised in the trial court. Under the "*Motta/Wells* post-conviction liberal construction rule," we liberally construe charges challenged for the first time on appeal. *See Merino*, 81 Hawai'i at 212, 915 P.2d at 686; *Wells*, 78 Hawai'i at 381, 894 P.2d at 78; *Elliott*, 77 Hawai'i at 311, 884 P.2d at 374; *State v. Motta*, 66 Haw. 89, 90, 657 P.2d 1019, 1019-20 (1983). Under this approach, <u>there is a "presumption of validity,"</u> *Sprattling*, 99 Hawai'i at 318, 55 P.3d at 282, for charges challenged subsequent to a conviction. <u>In those circumstances, this court will "not reverse a conviction based upon a defective indictment [or complaint] unless the defendant can show prejudice or that the indictment [or complaint] cannot within reason be construed to charge a crime."</u> *Merino*, 81 Hawai'i at 212, 915 P.2d at 686 (citation omitted).

121 Hawai'i at 399-400, 219 P.3d at 1186-87 (emphasis added). Where, as here, an objection to a charge is first raised after conviction in a collateral HRPP Rule 40 petition, the rationale for the <u>Motta/Wells</u> rule is equally applicable. Moreover, all information Dickie possessed up to the district court's ruling on Dickie's challenge to the charge, including as reflected in statements made by Dickie to the trial court in the criminal

case, may be reviewed to determine if he was adequately informed of the charge against him. See State v. Hitchcock, 123 Hawai'i 369, 379, 235 P.3d 365, 375 (2010); see also Wheeler, 121 Hawai'i at 396, 219 P.3d at 1183 (discussing *inter alia* State v. Sprattling, 99 Hawai'i 312, 318-21, 55 P.3d 276, 282-85 (2002)).

In his Rule 40 Petition and in his arguments on appeal, Dickie does not attempt to show that he meets the requirements of the Motta/Wells rule. Rather, Dickie contends that because the OVUII charge failed to allege that he operated a vehicle "upon a public way, street, road, or highway" at the time of the offense, the charge was fatally defective under Wheeler and, thus, pursuant to cases such as State v. Cummings, 101 Hawai'i 139, 63 P.3d 1109 (2003), the trial court in Case No. 1DTA-06-13462 did not have jurisdiction to convict him. The Hawai'i Supreme Court, however, has continued to uphold the validity of the Motta/Wells rule, both in Wheeler and post-Wheeler. See State v. Tominiko, 126 Hawai'i 68, 76, 266 P.3d 1122, 1130 (2011); Hitchcock, 123 Hawai'i at 379, 235 P.3d at 375. Therefore, we apply the Motta/Wells post-conviction liberal construction rule in construing the OVUII charge that Dickie now challenges by way of his collateral Rule 40 Petition.

As noted, Dickie makes no attempt to carry his burden under the Motta/Wells rule and thus has waived any challenge on the issue of prejudice and whether the charge can within reason be construed to charge a crime. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) ("[p]oints not presented in accordance with this section will be disregarded[.]"); HRAP Rule 28(b)(7) ("Points not argued may be deemed waived."). Moreover, even if we reach those issues, the record indicates that Dickie cannot show he was prejudiced or that the charge cannot within reason be construed to charge a crime. First, Dickie's declaration in support of his Petition states that he was apprehended in the parking lot of Kahala Mall. The definition of "public way, street, road, or highway" includes "[a] parking lot, when any part thereof is open for use by the public or to which

3

the public is invited for entertainment or business purposes[.]" HRS § 291E-1 (2007 Repl.). Therefore, Dickie does not and cannot assert that he was not operating his vehicle on a "public way, street, road, or highway."

Additionally, the district court made the following findings of facts, which were made pursuant to the stipulation of the parties and which are thus unchallenged on appeal:

> The following findings of fact numbered 1 through 5 were stipulated by the parties:
>
> 1. Prior to November 17, 2009, Petitioner, who was represented by counsel, was orally charged or charged by way of written complaint and pled no contest or guilty to one or more charges of operating a vehicle under the influence of an intoxicant (DUI) in violation of Section 291E-61, Hawaii Revised Statutes (HRS).
>
> 2. The oral or written charge did not include an allegation that Petitioner committed the offense on a public way, street, road, or highway.
>
> 3. Petitioner did not contest or otherwise challenge the charge as defective at the time of arraignment and plea or any other time until the filing of the instant petition filed pursuant to Rule 40, HRPP.
>
> 4. After Petitioner was arraigned, he was asked if he understood the charges against him and he affirmatively responded "yes." In addition, he completed the standard change of plea form affirming that he had been advised of and understood the nature and elements of the charges.
>
> 5. After pleading no contest, Petitioner's attorney stipulated that there was a factual basis for the charges against Petitioner.

By admitting that he understood the nature and elements of the charges, Dickie cannot claim that he was not provided notice of all of the essential elements of OVUII. Dickie also stipulated to a factual basis for the OVUII charge. Therefore, given his own statements, both in the underlying criminal case and before the district court in this case, Dickie admitted that the charge could within reason be construed to charge the crime of OVUII.

4

THEREFORE,

IT IS HEREBY ORDERED THAT the Findings of Fact, Conclusions of Law and Order Denying HRPP Rule 40 Petition to Vacate, Set Aside, or Correct Judgment, filed on April 27, 2011 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:   Honolulu, Hawai'i, June 27, 2012.

On the briefs:

Eric A. Seitz
Della Au Belatti
Ronald N.W. Kim
for Petitioner-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

5